UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
In re

      JAMES GOLDMAN,                           CHAPTER 11

                                           CASE NO.: 22-35204-rdd
                                           (Sub-Chapter V)
                              Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**SMALL BUSINESS SUB-CHAPTER V PLAN OF REORGANIZATION**

**ARTICLE I**
**DEFINITIONS**

      This Plan is propounded by James Goldman, the Debtor herein. Unless the context requires, the following capitalized terms shall have the following meanings ascribed to them in this Plan. Any term used in the Plan that is not defined herein, but is defined in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to it therein. Where the context requires, any definition applies to the plural as well as the singular number.

      1.1     "**Administrative Claim**" means a claim for, or request for payment of, an Administrative Expense (i) as to which no objection to the allowance thereof has been interposed within the applicable period of limitation fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court, and (ii) as to which any objection has been resolved by a Final Order to the extent such objection has been resolved in favor of the holder of such claim.

      1.2     "**Administrative Expense**" means any cost or expense of administration of this case, other than Bankruptcy Fees, allowable under sections 503(b) or 330 of the Bankruptcy Code.

1.3     "**Allowed**" means a claim against or interest in the Debtor that has not been disallowed pursuant to a Final Order and is not a disputed claim and (i) with respect to which a Proof of Claim has been timely filed with the Clerk of the Bankruptcy Court or, (ii) if no Proof of Claim has been filed, that has been or hereafter is listed by the Debtor in the Schedules as liquidated in amount and not disputed or contingent.

1.4     "**Bankruptcy Court**" means the bankruptcy court presiding over the Debtor's Chapter 11 case.

1.5     "**Bar Date**" means any date set by Order of the Bankruptcy Court subsequent to which a Proof of Claim or Proof of Interest is not timely filed. The Bar Date for unsecured claims was June 10, 2022.

1.6     "**BOW**" means Bank of the West which holds a Lien on the Winnebago.

1.7     "**Chase**" means JP Morgan Chase, NA which holds the senior mortgage Lien on the Home.

1.8     "**Claim**" means a claim as defined in section 101 (5) of the Bankruptcy Code.

1.9     "**Class**" means a category of substantially similar Allowed Claims as established pursuant to Article 3 of the Plan.

1.10     "**Confirmation**" means the entry of the Confirmation Order.

1.11     "**Confirmation Date**" means the date on which the Confirmation Order is entered by the Bankruptcy Court and becomes a Final Order.

1.12     "**Confirmation Order**" means an Order confirming the Plan pursuant to Section 1129 of the Bankruptcy Code in form and substance reasonably satisfactory to the Debtors.

1.13     "**Debtor**" means James Goldman.

1.14     "**Disbursing Agent**" means any entity designated in the Confirmation

Order to make distribution in accordance with the terms of the Plan; In this case, the Debtor is the Disbursing Agent for Administrative Claims and holders of Claims in Classes 1, 2 and 3 of the Plan. The Trustee will serve as Disbursing Agent with respect to creditors in Class 4 of the Plan.

1.15     "**DSO**" means the Debtor's Domestic Support Obligation to Jodi and shall be scribed the same meaning as set forth in Section 101 of the Bankruptcy Code.

1.16     "**Effective Date**" means the first business day after the Confirmation Date and the other conditions to the Effective Date set forth herein have occurred.

1.17     "**Estate**" means the estate created on the Petition Date pursuant to section 541 of the Bankruptcy Code.

1.18     "**Executory Contract**" means an executory contract within the meaning of section 365 of the Bankruptcy Code and includes leases to which the Debtors are a party.

1.19     "**Exempt Assets**" mean the Debtor's Property that is exempt from creditors under 11 U.S.C. §522.

1.20     "**Final Order**" means a judgment, order, ruling or other decree issued and entered by the Bankruptcy Court or by any state or other federal court or other tribunal located in one of the states, territories or possessions of the United States or the District of Columbia, that has not been stayed or that is no longer subject to appeal, *certiorari* proceeding or other proceeding for review or rehearing, and as to which no appeal, *certiorari* proceeding, or other proceeding for review or rehearing shall then be pending.

1.21     "**Home**" means the Debtor's homestead at 101 Drake Road, Putnam Valley, NY which he co-owns with Sara as a tenant by the entirety.

1.22     "**Jodi**" means Jodi Solomon the debtor's former spouse.

1.23     "**Landlord**" means 416 8th Owner LLC, the owner of a premises formerly

occupied by an entity affiliated with the Debtor.

1.24 "**Lien**" has the meaning set forth in Section 101(37) of the Bankruptcy Code.

1.25 "**MHV FCU**" means Mid Hudson Valley Federal Credit Union which holds the junior mortgage on the Home.

1.26 "**Pandemic**" means the COVID-19 global pandemic.

1.27 "**Petition Date**" means April 5, 2022, the date on which this case was commenced by the filing of a voluntary petition for relief under Sub-Chapter V of Chapter 11 of the Bankruptcy Code by the Debtors.

1.28 "**Priority Claim**" means a claim entitled to Priority under section 507(a) of the Bankruptcy Code with the exception of Administrative Claims.

1.29 **Professional**" means all professionals employed by the Debtors under section 327 of the Bankruptcy Code pursuant to a Final Order.

1.30 "**Professional Fees**" means compensation for services rendered, and reimbursement of expenses incurred, by Professionals, as awarded by Final Order following application, in accordance with section 330 of the Bankruptcy Code.

1.31 "**Proof of Claim**" means a proof of Claim filed pursuant to section 501 of the Bankruptcy Code and Part III of the Bankruptcy Rules.

1.32 "**Property**" means the assets of the Debtor, as listed on Schedules A/B of the Petition, or otherwise noted in this Plan.

1.33 "**Pro Rata**" means the proportion an Allowed Claim in a particular Class bears to the aggregate amount of all Allowed Claims in such Class.

1.34 "**Sara**" means Sara N. Goldman, the Debtor's current spouse with whom he jointly owns the Home.

1.35 "**Schedules**" mean the schedules of assets and liabilities and the filed by

the Debtors with the Bankruptcy Court in accordance with section 521(1) of the Bankruptcy Code and Rule 1007 of the Bankruptcy Rules and any amendments thereto.

1.36    "**Secured Claim**" means a claim that is secured by a lien on property which the Estate has an interest or had an interest subject to setoff under Section 553 of the Bankruptcy Code.

1.37    "**Trustee**" is and refers to the Sub-Chapter V Trustee, Heidi Sorvino.

1.38    "**Unsecured Claim**" means a Claim, that is not an Administrative Claim or a Priority Claim.

1.39    "**Unexpired Lease**" means an unexpired lease within the meaning of Section 365 of the Bankruptcy Code.

1.40    "**Winnebago**" means the 2020 Winnebago View RV.

### ARTICLE II
### BACKGROUND

On April 7, 2022, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor elected to be treated as a Small Business under Sub-Chapter V.  The Debtor is a restauranteur and operates several hospitality businesses.

The Debtor's most significant asset is his Home which he owns jointly with his wife, Sarah as joint tenants by the entirety. The Home was appraised at approximately $640,000.00 as of the Petition Date.  It is encumbered by a first mortgage held by Chase with a balance due of approximately $397,000.00 as of the Petition Date and second mortgage held by MHV FCU with an approximate balance due of approximately $85,000.00.

The Debtor has been experiencing financial reverses for several years. Such reverses were caused by a combination of factors including  (i) damages incurred from a

hurricane which destroyed certain of his business interests and (ii) a dispute with the Landlord which obtained a judgment against him in New York State Supreme Court. The Debtor's situation significantly deteriorated as a direct result of losses he suffered as a consequence of government regulations imposed in connection with the Pandemic / COVID when all franchises units and Company operated restaurants were required to close. As a direct consequence of the Covid lockdown five franchises under construction and two operating Franchises/Licensees closed down permanently (Stamford Ct. and West Palm Beach Fl) Inflation and supply chain issues further negatively impacted the Debtor. Absent business setbacks and losses incurred as a result of the Pandemic, the Debtor would have been able to address his liabilities outside of Chapter 11.

Since his Chapter 11 filing, the Debtor has continued in the management of their property as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

No official committee of unsecured creditors or other statutory committee and no examiner has been appointed in this case. Heidi Sorvino serves as the Sub-Chapter V Trustee.

The Debtor has moved to convert his case to a case under Chapter 13 of the Bankruptcy Code. This Plan is filed to preserve deadlines pending review and determination of such motion. The Debtor expressly reserves his right to amend the Plan.

## THE DEBTOR'S ASSETS AND OPERATIONS

The Debtor's Property is limited and includes limited and minority interests in various entities. A list of Property and valuations were filed with the Petition .

For the past two years (2020 and 2021), the Debtor's monthly income has totaled in the range of $20,000.00. With significant "belt tightening", his monthly expenses aggregate approximately $18,000.00.

Due to the Pandemic and uncertainties in the hospitality industry, the Debtor's projections are subject to change. The Debtor estimates his disposable income to be $2,000 per month. He will devote this amount to funding the Plan for 36 months.

## LIQUIDATION ANALYSIS

To confirm the Plan, the Bankruptcy Court must find that all holders of Allowed Claims will receive at least as much under the Plan as they would receive in a Chapter 7 liquidation. The Debtor's Schedules on file with the Bankruptcy Court list the Debtors' Property, which would be subject to liquidation in a Chapter 7.    The Debtor has limited assets.  His most significant asset is the Home which he owns jointly   The Home has been valued at approximately $640,000.00.  It is encumbered by a senior mortgage held by Chase in the amount of approximately $397,000.00 and a junior mortgage held by MCFU in the amount of approximately $85,000.00.  The Landlord has asserted a judgment lien against the Home,

Under the Plan, the Debtor proposes to devote his disposable income of $2,000.00 over the period of three years following the Effective Date to satisfy Unsecured Claims in Class 5. The Debtor will pay any Administrative claims directly. This sum is greater than any reasonably projected recovery in a liquidation of the Debtor's Property.

The Debtor will retain his interest in the Home and business free of any Claims and Liens of Class 4 and 5 creditors.   The judgment Lien of the Landlord shall be set aside as impairing the Debtor's "homestead exemption" to the extent set forth herein.

## THE PLAN

Through the Plan, the Debtor will pay Chase,  MHV and FCU  pursuant to terms set forth in his agreements with them. The Debtor will continue to pay the DSO to Jodi.  The Debtor will surrender the Winnebago to BOW in full satisfaction of its claim.

Creditors holding unsecured claims in Class 5 will share _pro rata_ in payments made by the Debtor from his disposable income which has been determined to be $1,000 per month..

## POTENTIAL AVOIDANCE ACTIONS

After a review of their finances, the Debtor does not believe that there are any transactions which can be avoided under 11 U.S.C. §§ 547, 548, 549 and/or applicable state law.

## ARTICLE II
## DESIGNATION OF CLAIMS AND INTERESTS

All Claims and Interests, of whatever nature, whether or not scheduled or liquidated, absolute or contingent, whether resulting in an Allowed Claim or not, shall be bound by the provisions of the Plan and are hereby classified as follows:

**Class 1** shall consist of the Secured Claims of Chase and MHV FCU.

**Class 2** shall consist of any priority tax claims.

**Class 3** shall consist of the Allowed Claim of Jodi for DSO.

**Class 4** shall consist of the Landlord.

**Class 5** shall consist of the Unsecured Claims.

In accordance with section 1123 (a)(1) of the Bankruptcy Code, Administrative Claims have not been classified.

## ARTICLE III
## TREATMENT OF CLAIMS UNDER THE PLAN

1. **Satisfaction of Claims.** The treatment of and consideration to be received by holders of Allowed Claims shall be in full satisfaction, release and discharge of their respective claims against the Debtors.

2. **Allowed Administrative Claims**

**(A)**(i) Administrative expenses incurred by the Debtor in the ordinary course of business following the Petition Date are expected to be paid on an ongoing basis in

accordance with the ordinary business practices and terms between the Debtors and such creditors. Any other Allowed Administrative Claims, with the exception of Administrative Claims of Professionals *(including* the Sub-Chapter V Trustee) shall be paid in full in Cash by the Debtor on or before five business days after the Effective Date, or upon such other terms as agreed upon by the Debtor and the holder of such Claim.

The Debtor shall pay Allowed Administrative Claims of Professionals from his Cash on Hand.

(ii)    Allowed Administrative Claims of Professionals shall be paid in full in Cash within 30 business days after allowance by the Bankruptcy Court pursuant to section 330 of the Bankruptcy Code, or upon such other terms as agreed upon by the Debtors and the Professional.

The Debtor shall pay Allowed Administrative Claims of Professionals from his Cash on Hand to the extent that it is available.

Allowed Administrative Claims are estimated to total in the range of $15,000.00.

### 3.    Class 1 – CHASE and MHV FCU (Unimpaired)

The Debtor shall pay Chase and MHV FCU the amount of its claims pursuant to the terms of his agreement with them  in monthly installments of  approximately $3,900.00 and $400.00 starting from the 1st day of the next month following the Effective Date.

Chase and MHV FCU shall retain their respective Liens on the Home until they are satisfied.  They are not impaired under the Plan and therefore not entitled to vote to accept or reject it.

### 4.    Class 2 – BOW Secured Claim (Impaired)

The Debtor shall surrender the Winnebago to  BOW in full satisfaction of its claim.  Class 2 is impaired under the Plan and therefore entitled to vote to accept or reject it,

### 5.    Class 3  -  JODI DSO  (Unimpaired)

The Debtor will pay Jodi on her DSO claim pursuant to the terms of their

agreement.  Class 3 is not Impaired by the Plan. Jodi is not entitled to vote on the to accept or reject the Plan6.

### 6. <u>Class 4</u> – <u>The Landlord's Judgment (Impaired)</u>

The judgment of the Landlord shall be set aside as impairing the Debtor's Homestead Exemption under 11 U.S.C. § 522.  A separate motion to set aside the such judgment shall be made separately.   While the Debtor believes that the Landlord's judgment will be set aside in its entirety, he is willing to treat a portion of the Landlord's claim as secured.  The Debtor shall pay to the Landlord the sum of $1,000.00 per month for 36 months in full satisfaction of the any secured portion claim (or the Landlord shall be treated solely as an unsecured creditor with distribution made under Class 4 herewith).

Class 4 is impaired under the Plan and therefore entitled to vote to accept or reject it,

### 6. Class 5 –  General Unsecured Claims (Impaired)

Allowed General Unsecured Claims in Class 5 shall be paid the pro rata share of the Debtor's disposable income over the course of three years following the Effective Date. Such disposable income is $1,000 per month.   The Disbursing Agent shall make Distributions in quarterly installments.

In the event that the Debtor is unable to make the payments or default in making payments, he shall liquidate Exempt Property to pay any shortfall.

Class 5 is Impaired under the Plan and therefore entitled to vote to accept or reject the Plan.

# ARTICLE IV
## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**Assumption and Assignment of Executory Contracts and Unexpired Leases.**

a.      On the Effective Date, any Executory Contracts and Unexpired Leases to which Debtor is a party shall be deemed rejected in accordance with section 365 of the Bankruptcy Code. The Debtor is not aware of any other executory contracts or leases.

b.      **Rejection Claims.** Allowed Claims arising from the rejection of any Executory Contract or Unexpired Lease of the Debtor  pursuant to the Plan shall be treated as Unsecured Claims.

c.      **Bar Date for Rejection Claims.** A Proof of Claim with respect to any Unsecured Claim for damages arising from the rejection of an Executory Contract or Unexpired Lease pursuant to the Plan shall not be timely filed unless it is filed with the Bankruptcy Court and served so that it is received by the Debtor's counsel within 30 days after the later of (i) the date of notice of the entry of a Final Order approving such rejection (unless such Final Order expressly provides a bar date with respect to such claim, in which event no Proof of Claim with respect to such claim shall be deemed timely unless it is filed with the Bankruptcy Court and served in the manner provided in such Final Order), or (ii) notice of the Confirmation Date. Any such claim not timely filed and served shall be forever barred from assertion and may not be enforced against the Debtor or the Property.

# ARTICLE V
## IMPLEMENTATION OF THE PLAN

a.      **Implementation.** The Debtor shall take all necessary steps and perform all necessary acts to consummate the terms and conditions of the Plan; and shall comply with all orders of the Court, including as provided in the Plan. The Confirmation Order

shall contain appropriate provisions, consistent with section 1142 of the Bankruptcy Code, directing the Debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect the Plan.

b.     **Funding.** Except as set forth elsewhere in the Plan, all payments required to be made under the Plan shall be made by the Debtors from their disposable income.

## ARTICLE VI
## PROVISIONS GOVERNING DISTRIBUTIONS

a.     **Disbursing Agent.** The Debtor shall serve as the Disbursing Agent and shall make all distributions to holders of Administrative Claims and creditors in Classes 1, 2 and 3 under the Plan.   The Trustee shall serve as Disbursing Agent pursuant to section 1191(b) of the Bankruptcy Code with respect to Class 4 (Unsecured Claim Holders). (Pursuant to section 1194(b) of the Bankruptcy Code, if a Plan is confirmed pursuant to section 1191(b), the Trustee shall make payments under the plan, "…except as otherwise provided in the Plan or in the order confirming the plan…") The size and scope of this case does not justify the continued expense of a Trustee with respect to Administrative Claims and Classes 1, 2 and 3. The Trustee shall serve as Disbursing Agent with respect to Class 4 and 5 of the Plan.

b.     **Timing of Distributions under the Plan.** Any payments to be made pursuant to the Plan on account of any non-disputed claim, and subject to other limitations noted, shall be made by the time stated in the Plan.

c.     **Objection Deadline.** Unless otherwise ordered by the Bankruptcy Court, for cause, the Debtor may file and serve any objection to any claim at any time, but in no event after the later to occur of (i) 90 days after the Effective Date, (ii) 90 days after the date proof of such claim or a request for payment of such claim is filed.

d.     **Prosecution of Objections.** After the Confirmation Date, only the Debtor and the Disbursing Agent shall have authority to file, compromise, withdraw or litigate

to judgment objections to disputed claims. The Debtor and the Disbursing Agent shall have the right to litigate to judgment, settle or withdraw any objections to any claim or Interest.

e.    **No Distribution Pending Allowance.** Notwithstanding any other provision of the Plan, no payment shall be made with respect to any portion of a disputed claim unless and until all objections to such claim are resolved by Final Order.

f.    **Distribution After Allowance.** Within 15 days after the entry of a Final Order resolving an objection to a disputed claim, the Disbursing Agent shall make distributions, to which a holder is then entitled with respect to any formerly disputed claim that has become an Allowed Claim.

## ARTICLE VII
## INJUNCTION AND EXCULPATION
## AND RELEASE

a.    **Injunction.** Except (i) as otherwise provided in the Plan or (ii) in any Final Order entered by the Bankruptcy Court, all persons who have held, hold, or may hold claims against, the Debtor that arose before or were held as of the Effective Date, are permanently enjoined, on and after the Effective Date, from the commencement or continuation of any action, the employment of process, from taking any act to collect, enforce, attach, recover or offset against such claim and taking any act to create, perfect or enforce any lien or encumbrance against property of the estate which is to be distributed to creditors under this Plan.

b.    **Discharge**: As soon as practicable after completion by the Debtor of all payments due within the first 3 years of the plan, or such longer period not to exceed 5 years as the court may fix, unless the court approves a written waiver of discharge executed by the Debtor after the order for relief under this chapter, the court shall grant the Debtor a discharge of all debts provided in 11 U.S.C. §1141(d)(1)(A), and all other debts allowed under 11 U.S.C. § 503 of this title and provided for in the plan, except any

debt—

      (1)  on which the last payment is due after the first 3 years of the plan, or such other time not to exceed 5 years fixed by the court; or

      (2) of the kind specified in section 11 U.S.C. §523(a).

      c.      **Limitation of Liability**. Neither the Debtor, nor any of its officers, trustees or employees (acting in such capacity) nor any professional person employed by any of them shall have or incur any liability to any entity for any action taken or omitted to be taken in connection with or related to the formulation, preparation, dissemination, Confirmation or consummation of the Plan, or any contract, instrument, release or other agreement or document created or entered into, or any other action taken or omitted to be taken in connection with the case or the Plan, except in the case of fraud, gross negligence, willful misconduct, malpractice, breach of fiduciary duty, criminal conduct, unauthorized use of confidential information that causes damages, or ultra vires acts.

      d.     Nothing in this Section 7.2 shall limit the liability of Professionals pursuant to DR 6-102 of the Code of Professional Responsibility.

# ARTICLE VIII

## MISCELLANEOUS PROVISIONS

a.      **Orders in Aid of Consummation.** Pursuant to sections 105, 1141, 1142 and 1143 of the Bankruptcy Code the Bankruptcy Court may enter one or more orders in aid of Confirmation directing the implementation of matters or actions required by the Plan.

b.      **Due Authorization by Creditors.** Each and every creditor that accepts the distributions provided for under the Plan warrants that it is the lawful owner of such Claim and is authorized to accept the distributions provided for in the Plan and that there are no outstanding liens, encumbrances, commitments, agreements, or understandings, express or implied, that may or can in any way defeat or modify the rights released, conveyed or modified by the Plan, or obligations undertaken by such creditor under the Plan.

c.      **Amendments.** The Plan may be altered, amended or modified by the Debtor, in writing, signed by the Debtor, at any time before the substantial consummation of the Plan, as provided in Section 1193 of the Bankruptcy Code.

d.      **Revocation.** Subject to the requirements of the Bankruptcy Code and Bankruptcy Rules, the Debtors may revoke or withdraw the Plan at any time prior to entry of the Confirmation Order. If the Plan is revoked or withdrawn or if no Confirmation Order is entered, the Plan shall be null and void, and nothing contained in the Plan shall (i) constitute a waiver or release of any claims by or against the Debtor; or (ii) prejudice in any manner the rights of the Debtors or any other party in any further proceedings involving the Debtor or their Estate.

e.      **Filing of Additional Documents.** Except as otherwise provided in the

Plan, on or before the Effective Date, the Debtor may file with the Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan, and Debtors shall be responsible for the preparation and filing of any reports necessary until the entry of a Final Decree.

      f.    **Successors and Assigns.** The rights, benefits and obligations of any entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such entity.

      g.    **Notices.** All notices and other communications to be given or made hereunder shall be in writing and shall be delivered by electronic mail and either (i) personally, (ii) by certified mail or national recognized overnight service to the addresses specified, or pursuant to change of address as filed on ECF, or (iii) as directed in writing by an interested party herein:

      (1)    if to the Debtor to Anne Penachio, Penachio Malara LLP, 245 Main Street, Suite 450, White Plains, NY 10601; anne@pmlawllp.com

if to the Sub-Chapter V Trustee, Heidi Sorvino White and Williams LLP, 7 Times Square, Suite 2900  New York, NY 10036-6524, sorvinoh@whiteandwilliams.com

      (2)    if to any creditor at (i) the addresses set forth on the respective Proofs of Claim filed by such holders; (ii) the addresses set forth in any written notices of address changes delivered to the Disbursing Agent after the date of any related Proof of Claim; or (iii) the address reflected in the Schedules if no Proof of Claim is filed and the Disbursing Agent has not received a written notice of a change of address;

      (3)    if to any Entity that has filed a notice of appearance, at the address set forth on such notice of appearance.

      h.    **Governing Law.** Except to the extent that the Bankruptcy Code or Bankruptcy Rules or other Federal law are applicable, the rights and obligations arising

under the Plan shall be governed by, and construed and enforced in accordance with the laws of the State of New York.

      i.      **Other Actions.** Nothing contained herein shall prevent the Debtor or creditors from taking such actions as may be reasonably necessary to consummate the Plan, although such actions may not specifically be provided for within the Plan.

      j.      **Severability.** In the event any provision of the Plan is determined to be unenforceable such determination shall in no way limit or affect the enforceability and operative effect of any or all other provisions of the Plan.

      k.      **Avoidance Actions.** The Debtor is not aware of any claims to avoid transfers under Sub-Chapter V of the Bankruptcy Code. Any such avoidance claims are preserved solely as a defense to any Claim asserted against the Debtor's Estate.

## ARTICLE IX
## RETENTION OF JURISDICTION

      **Retention of Jurisdiction.** Notwithstanding the entry of the Confirmation Order or the Occurrence of the Effective Date, until the Case is closed, the Bankruptcy Court shall retain and have original, but not exclusive, jurisdiction to:

      (a)      Insure that the Plan is consummated, and to enter any Order pursuant to section 1142(b) of the Bankruptcy Code, to compel the Debtor and any other necessary party, to take such action and execute such documents to effectuate the Plan;

      (b)      Consider any modification of the Plan proposed pursuant to section 1193 of the Bankruptcy Code;

      (c)      Allow, disallow, determine, liquidate, classify or establish the priority, secured or unsecured status of any Claim, including without limitation, the resolution of any request for payment of any Administrative Claim, the resolution of any and all objections to the allowance or priority of claims, and the resolution of any

adversary proceeding;

(d)     Grant or deny any and all applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or the Plan, for any period ending on or before the Effective Date;

(e)     Resolve any motions pending on the Effective Date to assume, assume and assign or reject any Executory Contract or Unexpired Lease to which the Debtor is a party or with respect to which the Debtors may be liable and to hear, determine and if necessary, liquidate, any and all claims arising therefrom;

(f)     Ensure that distributions to holders of Allowed Claims are accomplished pursuant to the provisions of this Plan;

(g)     Decide or otherwise resolve any and all applications, motions, adversary proceedings, contested or litigated matters, and any other matters or grant or deny any applications involving the Debtor that may be pending on the Effective Date;

(h)     Enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all contracts, instruments, releases and other agreements or documents created in connection with the Plan and Disclosures made herein or to enforce all orders, judgments, injunctions, and rulings entered in connection with the case, including, but not limited to any order necessary to enforce the provisions of the Plan;

(i)     Resolve any and all controversies, suits or issues that may arise in connection with the consummation, interpretation or enforcement of the Plan or any entity's obligation incurred in connection with the Plan;

(j)     Remedy any defect or omission or reconcile any inconsistency in any order, the Plan, or any contract, instrument, release or other agreement or document

created in connection with the Plan, to the extent authorized herein or in the Bankruptcy Code;

(k)     Issue any injunctions, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any entity with consummation or enforcement of the Plan;

(l)     Enter and implement such orders as are necessary or appropriate if the Confirmation Order is for any reason modified, stayed, reversed, revoked or vacated;

(m)     Determine any dispute arising under or related to the Plan, including, without limitation, any dispute concerning the scope or effect of any release or discharge provided for by the Plan or the Confirmation Order;

(n)     Determine any other matters that may arise in connection with or relate to the Plan, or the disclosures made therein, the Confirmation Order or any contract, instrument, release or other agreement or document created in connection with the Plan; and

(o)     Enter an order or Final Decree concluding this case.

**Post-Closing Jurisdiction.** Notwithstanding the entry of a final decree or an order closing this case, the Bankruptcy Court shall retain jurisdiction to reopen this case for the purpose of enforcing, by injunction or otherwise, the terms of the Plan, the Confirmation Order and any final decree, including, without limitation, the enforcement of any rights of the Debtor.

## ARTICLE X

## <u>CONDITION TO THE EFFECTIVE DATE</u>

**Condition Precedent to Effectiveness.** The Plan shall not become effective unless and until the Confirmation Order has become a Final Order,

## ARTICLE XI

# DISCHARGE

**Discharge**: As soon as practicable after completion by the Debtor of all payments due within the first 3 years of the plan, or such longer period not to exceed 5 years as the court may fix, unless the court approves a written waiver of discharge executed by the Debtor after the order for relief under this chapter, the court shall grant the Debtor a discharge of all debts provided in 11 U.S.C. §1141(d)(1)(A), and all other debts allowed under 11 U.S.C. § 503 of this title and provided for in the plan, except any debt—

(1) on which the last payment is due after the first 3 years of the plan, or such other time not to exceed 5 years fixed by the court; or

(2) of the kind specified in section 11 U.S.C. §523(a); or

(3) imposed by this Plan; or

(4) to the extent provided in § 1141(d)(6).

# ARTICLE XII

## CLOSING THE CASE

a.      **Substantial Consummation.** Until the occurrence of the Effective Date and substantial consummation of the Plan, the Debtor, their property and their creditors shall be subject to further orders of the Bankruptcy Court.

b.     **Closing the Case.** Upon the substantial consummation of the Plan, the

Debtor shall expeditiously move for the entry of Final Decree closing the case and

such other relief as may be just and appropriate.

Dated: White Plains, NY
        July 6 2022

                              Penachio Malara LLP

                              /s/ Anne Penachio
                              Anne Penachio, Esq.
                              245 Main Street, Suite 450
                              White Plains, NY 10601
                              (914) 946-2889